IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LABS OF VIRGINIA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Misc. No. _____ |
| v. | ) | |
| | ) | Case No. 2:06mc4 |
| CLINTRIALS BIORESEARCH, LTD., and | ) | (Eastern District of Virginia) |
| BIO-RESEARCH LABORATORIES, LTD., | ) | |
| | ) | |
| Defendants. | ) | |

**L.O.V. SHAREHOLDERS, LLC'S MOTION TO COMPEL**

L.O.V. Shareholders, LLC ("LOV"), assignee of and successor in interest to LABS of Virginia, Inc. ("LABS") with respect to the judgment identified below, by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 45, hereby moves for an order compelling the production of documents pursuant to the subpoenas *duces tecum* served upon Inveresk Research Group, LLC, Inveresk Holdings, LLC, and Charles River Laboratories International, Inc. (the "Subpoenas") (copies of the Subpoenas are attached hereto as Exhibits A, B and C, respectively), and in support thereof, states as follows.

1.      On April 4, 2000, judgment was entered in favor of LABS against ClinTrials BioResearch, Ltd. and Bio-Research Laboratories, Ltd. in the principal amount of $116,660.00, by the United States District Court for the District of South Carolina, Beaufort Division (the "Judgment").   With accrued interest, the total judgment amount is now in excess of $200,000.00.

2.      The Judgment was subsequently assigned by LABS to LOV by an assignment affective as of December 31, 2003 (Exhibit D).

3.      On April 11, 2006, LOV registered the Judgment in the Eastern District of Virginia pursuant to 28 U.S.C. § 1963.  The clerk in the Eastern District of Virginia registered the judgment in that District by stamping a copy thereof "filed" and endorsing it with a miscellaneous action number.  No new caption was assigned to the Judgment to reflect that it had been assigned from LABS to LOV.  (A copy of the registered Judgment is attached as Exhibit E hereto.)

4.      Thereafter, LOV issued the Subpoenas from this Court to Inveresk Research Group, LLC, Inveresk Holdings, LLC, and Charles River Laboratories International, Inc. (collectively, the "Subpoena Recipients").

5.      The Subpoenas were issued in accordance with Federal Rule of Civil Procedure 45 and Federal Rule of Civil Procedure 69(a)(2), which provides:

> *Obtaining Discovery.*  In the aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located.

6.      The Subpoenas required that the Subpoena Recipients produce documents related to judgment debtor ClinTrials BioResearch, Ltd., now known as Charles River Laboratories Preclinical Services Montreal, Inc. ("CRLPSM"), which documents are being sought to aid LOV in executing upon the Judgment.

7.      The Subpoena Recipients are each parent entities of CRLPSM and are all Delaware corporations or limited liability companies.

8.      The Subpoena Recipients served the Objection to Subpoenae Duces Tecum (the "Objection") (Exhibit F), stating four purported objections to the Subpoenas.  In an effort to resolve the dispute, LOV's Virginia counsel discussed the Objection with the Subpoena

Recipients' counsel on August 27, 2007, and followed that conversation with a letter on August 28, 2007 (Exhibit G).

9.      First, the Subpoena Recipients objected that the Subpoenas sought production of the requested documents in Virginia (where counsel for both LOV and the Subpoenaed Parties are located), as opposed to Delaware.  In response to this objection, counsel for LOV advised that LOV would be amenable to "the documents being produced at any reasonable, publicly accessible place in Delaware."  LOV's Virginia counsel further offered, "I would also be happy to pick them up from your office."  On November 1, 2007, LOV also offered to accept service at the office of undersigned Delaware counsel.

10.     Second, the Subpoena Recipients objected by erroneously stating that the Subpoenas had been issued by LABS, the original judgment creditor, instead of by LOV as assignee.  This objection is erroneous because each of the Subpoenas states that it was issued by counsel for "L.O.V. Shareholders LLC, assignee of the Plaintiff."  In a subsequent telephone conference between counsel held on September 10, 2007 for the purpose of resolving these discovery disputes, the Subpoena Recipients' counsel continued to maintain that the Subpoenas were not properly drafted.

11.     Third, the Subpoena Recipients objected that the Subpoenas were "overly broad and unduly burdensome and unlikely to lead to the discovery of admissible evidence."  Counsel for the Subpoena Recipients did not articulate—and still has not articulated—how the documents sought or their production are overly broad or unduly burdensome, has not requested to limit the scope of the production in any manner, and has refused to provide even a single document in response to the Subpoenas.  The third part of this objection, "unlikely to lead to the discovery of

admissible evidence," is utterly inapposite to these post-judgment Subpoenas, as the documents are being sought to aid in execution, not to be used as evidence in any proceeding.

12.    Finally, the Subpoena Recipients objected that the Subpoenas sought the production of confidential and proprietary information.   In response, both in the telephone conversation of August 27, 2007 and the confirming letter of August 28, 2007, LOV's Virginia counsel indicated that LOV "would agree to any reasonable protective order to deal with concerns regarding privacy, confidentiality and the like."  The Subpoena Recipients refused to make any production despite this offer.

13.    In a telephone conversation between counsel to resolve these discovery disputes held on September 10, 2007, counsel for the Subpoena Recipients stated an additional objection, not found in the Objections.   Counsel argued, without providing any authority, that it was somehow improper to seek discovery from the parent entities of the debtor as opposed to the debtor itself.  However, contrary to counsel's argument, Federal Rule of Civil Procedure 69(a)(2) explicitly authorizes post-judgment discovery from "any person."  *See also British Int'l Ins. Co., Ltd. v. Seguros La Republica, S.A.*, 200 F.R.D. 586, 590 (W.D.Tex. 2000) ("There is no doubt that third parties can be examined in relation to the financial affairs of the judgment debtor"). This objection is designed to evade compliance with the Subpoenas, as the debtor is a Quebec entity that has opposed enforcement of the judgment in Quebec and that has claimed that it is not subject to the jurisdiction of the United States District Court for the District of South Carolina.

14.    In a continuing effort to resolve or narrow this discovery dispute, LOV's Delaware counsel contacted counsel for the Subpoena Recipients in October.  (*See* Exhibit H). During a telephone conversation on November 1, 2007, counsel for the Subpoena Recipients agreed that the Objection on the bases of location of production and confidentiality have been

cured by LOV's offer to accept service in Delaware and by LOV's offer to sign a reasonable confidentiality order governing any documents produced pursuant to the Subpoenas. (*See* Exhibit I at 1). In a subsequent letter, however, counsel for the Subpoena Recipients took the position that new subpoenas would be required in order to resolve its objections. (*See* Exhibit J at 1).[1]

15.    During and following counsels' November conversation, counsel for the Subpoenaed Parties argued that LOV could not issue the Subpoenas because LOV was not a party to the Judgment and/or was not listed in the caption of the Subpoenas. (Exhibit J at 1). This argument is in direct conflict with the Subpoenaed Parties' second argument set forth in the Objection, which was that LABS could not issue the Subpoenas because the Judgment had been assigned to LOV. Accordingly, it appears that when counsel for the Subpoenaed Parties believed the Subpoenas has been issued by LABS, he objected that LABS could not issue the Subpoenas, but when he realized that the Subpoenas had, in fact, been issued by LOV, he changed his position and argued that *only* LABS could issue the Subpoenas. This change of position reveals that the Subpoenaed Parties are not raising legitimate objections, but rather, are merely attempting to avoid having to produce the requested documents. Because the Judgment has been assigned to LOV, it is blackletter law, that LOV (and not LABS) is the party entitled to issue the Subpoenas. *See*, *e.g.*, 46 Am. Jur. 2d Judgments § 439 ("With a valid assignment of the judgment, the assignee assumes the rights, remedies, and benefits of the assignor, and the assignment divests the assignor of all interest in the judgment . . . . Therefore, the assignee of a

---

[1]    The parties appear to agree that the entry of a reasonable confidentiality order governing any documents produced pursuant to the Subpoenas is appropriate.

judgment receives the right to enforce the judgment, using every remedy, lien, or security available to the assignor as a means of enforcing the judgment . . .").

16.     Finally, on November 1, counsel for LOV again requested that the Subpoena Recipients clarify their objections to the scope of the Subpoenas, and identify the specific respects in which they contend that the Subpoenas were unduly burdensome or overly broad, and also identify any respects in which the Subpoenas were not objectionable, so as to narrow the scope of the dispute.  (Exhibit I at 1-2).  The Subpoena Recipients refused to do so, and still have not provided any indication of in what respect the Subpoenas are supposedly overly broad or unduly burdensome.  Instead, the Subpoenaed Parties' only response is to reiterate nonspecific boilerplate objections, and offer to negotiate only in the event that LOV issues new subpoenas. (Exhibit J at 1).

17.     In essence, the Subpoenaed Parties position is that the parties cannot negotiate a resolution to dispute concerning the Subpoenas, and, instead LOV must begin the process anew with new subpoenas.  (*Id*. ("I do not believe that the above deficiencies can be rectified with the above subpoenae")).  The Subpoenaed Parties' arguments should be rejected as contrary to the policies of the Federal Rules of Civil Procedure and the practices of this Court, which are designed to encourage cooperation in resolving discovery disputes.  *See* Fed. R. Civ. Pro. 1 (stating that the Federal Rules should be "construed and administered to secure the just, speedy and inexpensive determination of every action"); Local Rule 7.1.1 (requiring reasonable effort to resolve disputes before seeking the Court's assistance); *Akzona Inc. v. E.I. DuPont De Nemours & Co.*, 607 F.Supp. 227, 236 (D.Del. 1984) (stating that discovery rules are construed liberally and the parties "should be guided accordingly as they attempt to resolve discovery disputes without the Court's intervention").

18.     Each of the Subpoena Recipients' objections are without merit.  LOV's counsel, through numerous telephone conversations, letters and e-mail messages have made a good faith effort to resolve any legitimate objections that the Subpoena Recipients might have.  Through these interactions, it has become clear that the Subpoena Recipients will not agree to any resolution of any of their objections because their sole objective is to avoid having to make any production that might assist LOV in collecting on the Judgment owed by their subsidiary entity, and therefore the Court's intervention is necessary to resolve this dispute.

WHEREFORE, L.O.V. Shareholders, LLC respectfully requests that the Court enter an Order, substantially in the form attached hereto:

A.     Compelling the full and complete production of documents pursuant to the Subpoenas within 7 days of the date of such Order;

B.     Requiring the Subpoena Recipients, based upon their lack of any adequate excuse for refusal to comply with Subpoenas, and in accordance with Federal Rule of Civil Procedure 45(e), to pay the reasonable expenses, including attorney's fees, incurred in bringing this motion; and

C.     Granting such other and further relief as this Court deems appropriate.

ASHBY & GEDDES

*/s/Andrew D. Cordo*
_____
Philip Trainer, Jr. (#2788)
Andrew D. Cordo (#4534)
500 Delaware Ave., 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
acordo@ashby-geddes.com

*Attorneys for L.O.V. Shareholders, LLC*

*OF COUNSEL*:
Joshua M. David
DAVID KAMP & FRANK, L.L.C.
739 Thimble Shoals Boulevard, Suite 105
Newport News, Virginia  23606
(757) 595-4500
Dated: November 15, 2007
185164.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LABS OF VIRGINIA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Misc. No. _____ |
| v. | ) | |
| | ) | Case No. 2:06mc4 |
| CLINTRIALS BIORESEARCH, LTD., and | ) | (Eastern District of Virginia) |
| BIO-RESEARCH LABORATORIES, LTD., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING**
**L.O.V. SHAREHOLDERS, LLC'S MOTION TO COMPEL**

AND NOW, upon consideration of L.O.V. Shareholders, LLC's motion under Federal

Rule of Civil Procedure 45 to compel the production of documents pursuant to the Subpoenas

(the "Subpoenas") served upon Inveresk Research Group, LLC, Inveresk Holdings, LLC, and

Charles River Laboratories International, Inc. (the "Subpoenaed Parties"), and any response

thereto, it is hereby ORDERED that:

1.    The Motion is GRANTED;

2.    Within 7 days of the date of this Order, the Subpoenaed Parties shall serve upon

counsel for L.O.V. Shareholders, LLC full and complete responses to the Subpoenas and the

documents requested thereby; and

3.    The Subpoenaed Parties, jointly and severally, shall reimburse L.O.V.

Shareholders, LLC in the amount of $_____ for its expenses, including attorneys

fees, reasonably incurred in bringing this motion.

Dated: _____, 2007                          _____

                                                     United States District Judge

## CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 7.1.1

I hereby aver that, as set forth in greater detail in the attached Motion to Compel, a reasonable effort has been made to reach agreement with the opposing party on the matters set forth in this motion.

ASHBY & GEDDES

*/s/Andrew D. Cordo*

Philip Trainer, Jr. (#2788)
Andrew D. Cordo (#4534)
500 Delaware Ave., 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
acordo@ashby-geddes.com

*Attorneys for L.O.V. Shareholders, LLC*

Dated: November 15, 2007

## CERTIFICATE OF SERVICE

I hereby certify that, on November 15, 2007, the attached L.O.V. Shareholders, LLC's Motion to Compel was served upon the following counsel of record in the manner indicated**.**

**By FedEx and E-mail**
Robert W. McFarland, Esquire
McGuireWoods LLP
World Trade Center
101 West Main Street Suite 9000
Norfolk, VA 23510-1655
rmcfarland@mcguirewoods.com

*/s/Andrew D. Cordo*
_____
Andrew D. Cordo (#4534)

# Exhibit A

AO88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

LABS OF VIRGINIA, INC.,

    v.

CLINTRIALS BIORESEARCH, LTD. and
BIO-RESEARCH LABORATORIES, LTD.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  2:06mc4
(Eastern District of Virginia)

TO:   Inveresk Research Group, LLC
     c/o Corporation Service Company, Registered Agent
     2711 Centerville Road, Suite 400
     Wilmington, DE  19808        (302) 636-5401

❏  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | |
| | DATE AND TIME |
| | |

❏  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| | |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**SEE ATTACHED "EXHIBIT A"**

| PLACE | DATE AND TIME |
| --- | --- |
| DAVID, KAMP & FRANK, L.L.C.<br>739 Thimble Shoals Boulevard. Suite 105. Newport News. VA  23606 | On or before July 30, 2007,<br>at 12:00 p.m. |

❏  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE  (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| *(signature)*           (Atty for Plaintiff*) | 6/26/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Joshua M. David, Esquire; DAVID, KAMP & FRANK, L.L.C.
739 Thimble Shoals Boulevard. Suite 105.Newport News. VA  23606; (757) 595-4500

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1]If action is pending in district other than district of issuance, state district under case number.
\* Listed attorney represents L.O.V. Shareholders, LLC, assignee of the Plaintiff.

#104985

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 6/27/2007 | Time: 2:32 p.m.  Place: Corporation Service Company 2711 Centerville Rd. # 400, Wilmington, DE  19808 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Inveresk Research Group, LLC | Accepted by Mary Drummond, Managing Agent duly authorized to accept service |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Daniel Newcomb | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on     6/28/2007
                  ———————————          ————————————
                      DATE              SIGNATURE OF SERVER

                                        Delaware Attorney Service - 2000 Pennsylvania Ave. # 207
                                        ADDRESS OF SERVER

                                        Wilmington, DE  19806  (302) 429-0657

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

# EXHIBIT "A"

Documents to be produced:

1.      All documents, including electronic documents, containing the identity of any person or entity that is or has been a client or customer of or otherwise obtained goods or services from Charles River Laboratories Preclinical Services Montreal, Inc., a Quebec company, formerly known as ClinTrials BioResearch, Ltd., at any time from January 1, 2004 to the present.

2.      All documents, including electronic documents, that relate to any property, whether real or personal, tangible or intangible, owned by Charles River Laboratories Preclinical Services Montreal, Inc., a Quebec company, formerly known as ClinTrials BioResearch, Ltd.

3.      All documents, including electronic documents, that relate to any bank account of Charles River Laboratories Preclinical Services Montreal, Inc., a Quebec company, formerly known as ClinTrials BioResearch, Ltd.

4.      All financial statements, whether consolidated or otherwise, relating to or including financial information related to Charles River Laboratories Preclinical Services Montreal, Inc., a Quebec company, formerly known as ClinTrials BioResearch, Ltd., for any period of time from April 4, 2000 to the present.

5.      All documents, including electronic documents, that show or relate to any distribution, dividend, disbursement, or other payment made by Charles River Laboratories Preclinical Services Montreal, Inc., a Quebec company, formerly known as ClinTrials BioResearch, Ltd., to its owner or owners at any time from April 4, 2000 to the present.

# Exhibit B

AO88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

## UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF DELAWARE

LABS OF VIRGINIA, INC.,

    v.

CLINTRIALS BIORESEARCH, LTD. and
BIO-RESEARCH LABORATORIES, Ltd.

**SUBPOENA IN A CIVIL CASE**

**Case Number:**[1]  **2:06mc4**
**(Eastern District of Virginia)**

TO:    Inveresk Holdings, LLC
       c/o Corporation Service Company, Registered Agent
       2711 Centerville Road, Suite 400
       Wilmington, DE  19808           **(302) 636-5401**

❑  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

❑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**SEE ATTACHED "EXHIBIT A"**

| PLACE | DATE AND TIME |
|---|---|
| DAVID, KAMP & FRANK, L.L.C. | On or before July 30, 2007, |
| 739 Thimble Shoals Boulevard, Suite 105, Newport News, VA  23606 | at 12:00 p.m. |

❑  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE  (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _(signature)_          **(Atty for Plaintiff\*)** | **6/26/2007** |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Joshua M. David, Esquire; DAVID, KAMP & FRANK, L.L.C.
739 Thimble Shoals Boulevard, Suite 105, Newport News, VA  23606; (757) 595-4500

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1]If action is pending in district other than district of issuance, state district under case number.
\* Listed attorney represents L.O.V. Shareholders, LLC, assignee of the Plaintiff.

#96539

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 6/27/2007 | Time: 2:32 p.m.  Place: Corporation Service Company 2711 Centerville Rd. # 400. Wilmington, DE  19808 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Inveresk Holdings, LLC | Accepted by Mary Drummond, Managing Agent duly authorized to accept service |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Daniel Newcomb | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____6/28/2007_____
DATE

SIGNATURE OF SERVER

Delaware Attorney Service - 2000 Pennsylvania Ave. # 207

ADDRESS OF SERVER

Wilmington, DE  19806  (302) 429-0657

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)  (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)  (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance,
(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)  subjects a person to undue burden.

(B) If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

# EXHIBIT "A"

Documents to be produced:

1.    All documents, including electronic documents, containing the identity of any person or entity that is or has been a client or customer of or otherwise obtained goods or services from Charles River Laboratories Preclinical Services Montreal, Inc., a Quebec company, formerly known as ClinTrials BioResearch, Ltd., at any time from January 1, 2004 to the present.

2.    All documents, including electronic documents, that relate to any property, whether real or personal, tangible or intangible, owned by Charles River Laboratories Preclinical Services Montreal, Inc., a Quebec company, formerly known as ClinTrials BioResearch, Ltd.

3.    All documents, including electronic documents, that relate to any bank account of Charles River Laboratories Preclinical Services Montreal, Inc., a Quebec company, formerly known as ClinTrials BioResearch, Ltd.

4.    All financial statements, whether consolidated or otherwise, relating to or including financial information related to Charles River Laboratories Preclinical Services Montreal, Inc., a Quebec company, formerly known as ClinTrials BioResearch, Ltd., for any period of time from April 4, 2000 to the present.

5.    All documents, including electronic documents, that show or relate to any distribution, dividend, disbursement, or other payment made by Charles River Laboratories Preclinical Services Montreal, Inc., a Quebec company, formerly known as ClinTrials BioResearch, Ltd., to its owner or owners at any time from April 4, 2000 to the present.

# Exhibit C

AO88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

**UNITED STATES DISTRICT COURT**

FOR THE  DISTRICT OF  DELAWARE

LABS OF VIRGINIA, INC.,

v.

CLINTRIALS BIORESEARCH, LTD. and
BIO-RESEARCH LABORATORIES, LTD.

**SUBPOENA IN A CIVIL CASE**

**Case Number:**[1]  **2:06mc4**
**(Eastern District of Virginia)**

TO:    Charles River Laboratories International, Inc.
        c/o Corporation Service Company, Registered Agent
        2711 Centerville Road, Suite 400
        Wilmington, DE  19808            (302) 636-5401

☐    YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below
      to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a
      deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at
      the place, date, and time specified below (list documents or objects):

SEE ATTACHED "EXHIBIT A"

| PLACE | DATE AND TIME |
|---|---|
| DAVID, KAMP & FRANK, L.L.C. | On or before July 30, 2007, |
| 739 Thimble Shoals Boulevard, Suite 105, Newport News, VA  23606 | at 12:00 p.m. |

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more
officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person
designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE  (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|                                      (Atty for Plaintiff*) | 6/26/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Joshua M. David, Esquire; DAVID, KAMP & FRANK, L.L.C,
739 Thimble Shoals Boulevard, Suite 105,Newport News, VA  23606: (757) 595-4500

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1]If action is pending in district other than district of issuance, state district under case number.
* Listed attorney represents L.O.V. Shareholders, LLC, assignee of the Plaintiff.

#104986

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 6/27/2007 | Time: 2:32 p.m.  Place: Corporation Service Company 2711 Centerville Rd. # 400, Wilmington, DE  19808 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Charles River Laboratories International, Inc. | Accepted by Mary Drummond, Managing Agent duly authorized to accept service |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Daniel Newcomb | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    6/28/2007
DATE

SIGNATURE OF SERVER

Delaware Attorney Service - 2000 Pennsylvania Ave. # 207

ADDRESS OF SERVER

Wilmington, DE  19806  (302) 429-0657

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

# EXHIBIT "A"

Documents to be produced:

1.      All documents, including electronic documents, containing the identity of any person or entity that is or has been a client or customer of or otherwise obtained goods or services from Charles River Laboratories Preclinical Services Montreal, Inc., a Quebec company, formerly known as ClinTrials BioResearch, Ltd., at any time from January 1, 2004 to the present.

2.      All documents, including electronic documents, that relate to any property, whether real or personal, tangible or intangible, owned by Charles River Laboratories Preclinical Services Montreal, Inc., a Quebec company, formerly known as ClinTrials BioResearch, Ltd.

3.      All documents, including electronic documents, that relate to any bank account of Charles River Laboratories Preclinical Services Montreal, Inc., a Quebec company, formerly known as ClinTrials BioResearch, Ltd.

4.      All financial statements, whether consolidated or otherwise, relating to or including financial information related to Charles River Laboratories Preclinical Services Montreal, Inc., a Quebec company, formerly known as ClinTrials BioResearch, Ltd., for any period of time from April 4, 2000 to the present.

5.      All documents, including electronic documents, that show or relate to any distribution, dividend, disbursement, or other payment made by Charles River Laboratories Preclinical Services Montreal, Inc., a Quebec company, formerly known as ClinTrials BioResearch, Ltd., to its owner or owners at any time from April 4, 2000 to the present.

# Exhibit D

## ASSIGNMENT

THIS ASSIGNMENT, effective as of the 31st day of December, 2003, by and between **LABS of Virginia, Inc.**, a Virginia Corporation, ("LABS") and **L.O.V. Shareholders, LLC**, a Virginia limited liability company, ("Financial Services") recites and provides:

### RECITALS:

A.    LABS desires to distribute all of the accounts receivable relating to goods or services provided on or prior to December 31, 2003, whether billed or unbilled (the "Accounts") to its shareholders (the "Shareholders") in proportion to the Shareholders' ownership in LABS.

B.    The Shareholders have designated Financial Services as their agent to receive the Accounts, collect payment for the Accounts, and distribute such payment to the Shareholders and/or to retain such payment for and on behalf of the Shareholders.

C.    LABS, by this Agreement, desires effectuate and memorialize the distribution of the Accounts to the Shareholders through their agent Financial Services.

### AGREEMENT:

NOW THEREFORE, for TEN DOLLARS ($10.00) cash in hand, and for other good and valuable consideration, LABS agrees as follows:

1.    Distribution.  LABS hereby unconditionally sells, transfers, conveys, and sets over unto Financial Services, its successors and assigns, all the right, title and interest of LABS in and to all of the Accounts, including but not limited to those set forth on Attachment A, and hereafter they belong to Financial Services. It is the intent of this Agreement that all of LABS' Accounts be distributed by this Agreement. Accordingly, if one or more of the Accounts have through inadvertence or otherwise been omitted from Attachment A, such Account(s) will, nonetheless, be included in the distribution effectuated hereby and included in the Accounts for all purposes of this Agreement. This distribution expressly includes all right, title, and interest to the refundable amount of any prepaid legal fees or retainer paid in association with the Litigation as described in the Stock Purchase Agreement. This distribution includes an assignment of all rights of LABS to any and judgments that have heretofore been obtained on any of the Accounts, including but not limited to the judgment entered in the matter of *LABS of Virginia, Inc. v. ClinTrials BioResearch, Ltd. and Bio-Research Laboratories, Ltd.*, United States District Court for the District of South Carolina, Civil Action No. 9:99-3557-08. LABS shall make known to any creditor seeking a security interest in its accounts receivable, that the Accounts have been distributed to Financial Services and that LABS no longer has any right, title, or interest in such accounts.

2.     Collection of Accounts. Financial Services shall have full power and authority to collect the Accounts in any manner deemed advisable by Financial Services and to retain all such proceeds for its own account.  Without in any way limiting this authority, LABS agrees as follows:

a.     Financial Services shall have the right at any time to notify account debtors of its interest in the Accounts and to require payments to be made directly to Financial Services. LABS hereby appoints Financial Services and any agent of Financial Services, as Financial Services may from time to time designate, as LABS' attorney-in-fact, to sign and endorse in the name of LABS, to give notice in the name of LABS, and to perform all other actions necessary or desirable at the discretion of Financial Services to collect the Accounts. LABS hereby ratifies and approves all acts of Financial Services as attorney-in-fact, and Financial Services shall not be liable for any acts of commission or omission nor for any error of judgment or mistake of a fact or law. This power being coupled with an interest is irrevocable so long as any Account distributed to Financial Services remains unpaid.

b.     All payments on the Accounts received by LABS shall be remitted to Financial Services in their original form on the day of receipt; all notes, checks, drafts and other instruments so received shall be duly endorsed to the order of Financial Services. At Financial Services' election, payments received on any Accounts shall be deposited into LABS' account at BB&T, account number 0557-9872 (the "Special Account"). Financial Services will have the power to withdraw from the Special Account.

c.     If any of LABS' Accounts arise out of contract with the United States or any department, agency, or instrumentality thereof, LABS will, at Financial Services' request, execute any instruments and take any steps required by Financial Services so that proper notice may be given under the Federal Assignment of Claims Act in order that all monies due and to become due under such contracts shall be paid to Financial Services.

3.     Security Agreement and Financing Statement. In an abundance of caution that this transaction may be covered by Article 9 of the Uniform Commercial Code, LABS hereby grants Financial Services a security interest in the Accounts. The parties agree that this Agreement is intended to and, in fact, does constitute a security agreement, and LABS agrees to execute one or more financing statements evidencing Financial Services' interest in the Accounts.

4.     Indemnity. LABS agrees to indemnify and hold harmless Financial Services and its affiliates, successors, and assigns from any liability, including without limitation attorney's fees and litigation costs and expenses, relating to any claim made against one or more of the Accounts as a result of any assignment of or encumbrance to one or more of the Accounts that arises as a result of LABS' actions following the effective date of this Agreement.

5.     No Warranties or Representations. LABS makes no warranties or representations whatsoever as to the validity or collectability of any of the Accounts.

6.    Miscellaneous.

a.    *Governing Law.*  This Agreement shall be governed by and construed under the laws of the Commonwealth of Virginia without respect to such state's choice of law principles.

b.    *Headings.*  The headings used in this Agreement are used for convenience only and are not to be considered in construing or interpreting this Agreement.

c.    *Amendments and Waivers.*  Any term of this Agreement may be amended and the observance of any term of this Agreement may be waived (either generally or in a particular instance and either retroactively or prospectively), only with the written consent of the parties hereto.  A party's failure to exercise any right or take any action under this Agreement shall not constitute a waiver of that or any other right or action.

d.    *Severability.*  If one or more provisions of this Agreement are held to be unenforceable under applicable law, such provision shall be excluded from this Agreement and the balance of the Agreement shall be interpreted as if such provision were so excluded and shall be enforceable in accordance with its terms.

e.    *Counterparts.*  This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

f.    *Construction.*  The pronouns used herein shall include, when appropriate, either gender and both singular and plural, and the grammatical construction of sentences shall conform thereto.

g.    Successors and Assigns.  This Agreement shall be binding upon LABS, its successors and assigns, and the benefits hereof shall inure to Financial Services, its successors and assigns.

h.    *Interpretation.*  This Agreement shall not be construed against one party or the other by virtue of it having been drafted, in whole or in part, by one party or the other, but rather, shall be interpreted in accordance with its fair meaning when viewed in its entirety.

i.    *Cooperation.*  Each party agrees to execute such further papers, agreements, documents, instruments, and the like as may be necessary or desirable to effect the purposes of this Agreement and to carry out its provisions.

WITNESS, LABS' signature to this Agreement, under seal, effective as of the 31st day of December, 2003.

LABS of Virginia, Inc.

By: _Charles J. Stean_____ (SEAL)
Name: _CHARLES J. STEAN_
Title: _PRESIDENT_

# Exhibit E

**F I L E D**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

MAR 1 4 2001

LARRY W. PROPES, CLERK
CHARLESTON, SC

LABS of Virginia, Inc., )    Civil Action No. 9:99-3557-08
)
Plaintiff, )
)
vs. )    **ORDER CERTIFYING DEFAULT**
)    **JUDGMENT**
ClinTrials BioResearch, Ltd. and Bio- )
Research Laboratories, Ltd., )
)
Defendants. )
)

FILED

APR 1 1 2006

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

2.06mc4

WHEREFORE the United States District Court for the District of South Carolina

executed the attached order for default judgment in this action on April 4, 2000;

IT IS HEREBY ORDERED that the Clerk of Court certify by signing below that

the attached order for default judgment is a true and correct copy of the original order for default

judgment entered in this action on April 4, 2000 and filed on April 5, 2000, that no notice of

appeal from this judgment has been filed within the time period prescribed by law and that no

motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed

within the time period prescribed by law, as it appears in the records of this Court and, therefore,

that this judgment is final and enforceable.

Charleston, So Car.
March 13, 2001

The Honorable Sol Blatt, Jr.
United States District Court Judge

The Honorable Terence E. Sheahan
Deputy Clerk of United States District Court
District of South Carolina

A TRUE COPY
Attest: Larry W. Propes, Clerk
By: _____
Deputy Clerk

# Exhibit F

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

LABS OF VIRGINIA, INC.,

      Plaintiff,

                                 **Case Number: 2:06mc4**

      v.                          **(Eastern District of Virginia)**

CLINTRIALS BIORESEARCH, LTD and
BIO-RESEARCH LABORATORIES, LTD.,

      Defendants

## OBJECTION TO SUBPOENAE DUCES TECUM

NOW COME Inveresk Holdings, LLC; Charles River Laboratories International, Inc.; and Inveresk Research Group, LLC (collectively, the "Subpoenaed Parties"), by counsel, and object to the subpoenae <u>duces tecum</u> served upon them (collectively, the "Subpoenas"). In support of their objections, the Subpoenaed Parties state as follows:

      1.      Pursuant to Federal Rule of Civil Procedure 45 a subpoena for production or inspection shall issue from the court of the district in which production or inspection is to be made. <u>See</u> F.R.Civ.P. 45(a)(2)(C). The Subpoenae were issued by the United States District Court for the District of Delaware pursuant to a case filed in the United States District Court for the Eastern District of Virginia. The Subpoenae, however, seek production of documents in Virginia and not Delaware, and the District of Delaware lacks jurisdiction to compel the Subpoenaed Parties' production in Virginia. <u>See</u> F.R.Civ.P. 45; <u>see also</u> <u>e.g.</u> <u>Falicia v. Advanced Tenant Services, Inc.</u>, 235 F.R.D. 6, 10-11 (D.C. 2006)

      2.      The default judgment docketed in the United States District Court for the Eastern District of Virginia granted judgment to Labs of Virginia, Inc. ("Labs"). On February 13, 2006,

L.O.V. Shareholders, LLC ("L.O.V."), filed an action against Charles River Laboratories, Inc., in the United States District Court for the Eastern District of Virginia (the "L.O.V. Action"). In the L.O.V. Action, L.O.V. presented an assignment of the default judgment to L.O.V. from Labs. Therefore, Labs is improperly seeking production of documents from the Subpoenaed Parties to satisfy the default judgment to which it is no longer the judgment creditor.

3.      The Subpoenaed Parties object to the Subpoenas as the requested document productions are overly broad and unduly burdensome and unlikely to lead to the discovery of admissible evidence. Further, the Subpoenaed Parties object as the sought documents include confidential and proprietary information, including client and customer lists, and sensitive financial information, including about bank accounts.

WHEREFORE, Inveresk Holding, LLC; Charles River Laboratories International, Inc.; and Inveresk Research Group, LLC, by counsel, object to the Subpoenas for the aforesaid reasons.

Respectfully submitted,

INVERESK HOLDINGS, LLC
CHARLES RIVER LABORATORIES
INTERNATIONAL, INC.
and INVERESK RESEARCH GROUP, LLC.

By Counsel

2

COUNSEL:

Robert W. McFarland (VSB No. 24021)
Keith P. Zanni (VSB No. 46021)
McGuireWoods, LLP
9000 World Trade Center
Norfolk, Va. 23510
Telephone: 757-640-3716
Facsimile: 757-640-3999

_Robert W McFarland_

Robert W. McFarland

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Objection to Subpoenae <u>Duces Tecum</u> was served via facsimile and regular mail this 26th day of July, 2007, upon the following:

Joshua M. David, Esq.
David, Kamp & Frank, LLC
739 Thimble Shoals Boulevard, Suite 105
Newport News, VA 23606

_R W McFarland_

Robert W. McFarland

\4666475.1

# Exhibit G

# DAVID, KAMP & FRANK, L.L.C.

ATTORNEYS AND COUNSELORS AT LAW
739 Thimble Shoals Boulevard, Suite 105
Newport News, Virginia 23606
757-595-4500
Fax: 757-595-6723

E. D. David
Arthur J. Kamp
Barbara Hays Kamp
Joe S. Frank
Joshua M. David

Jennifer O. David
Robert A. Small    *
Robert J. Denning
Kenneth Falkenstein

* Also Admitted in Massachusetts and
The District of Columbia

August 28, 2007

Robert W. McFarland, Esquire
McGuireWoods, LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, Virginia  23510-1655

RE:    *Labs of Virginia, Inc. v. Clintrials Bioresearch, Ltd.*
United States District Court for the District of Delaware
Case Number: 2:06mc4

Dear Rob:

I appreciate you speaking to me on August 27, 2007 regarding your objections to the subpoenas issued in the above referenced matter.  To summarize our phone conversation with regard to your objections, I stated as follows:

1.    That I would be amenable to the documents being produced at any reasonable, publicly accessible place in Delaware.  I would also be happy to pick them up from your office.

2.    I noted that the subpoenas were in fact issued by L.O.V. Shareholders of Virginia, LLC, as the assignee, and not by LABS of Virginia, Inc., such that there is no basis of your objection related to the same.

3.    I indicated that I would agree to any reasonable protective order to deal with concerns regarding privacy, confidentiality and the like.

You indicated that you would speak to your clients and get back to me regarding these issues and any further concerns.

DAVID, KAMP & FRANK, L.L.C.

Page 2

I appreciate your attention to this matter.

Very truly yours,

DAVID, KAMP & FRANK, L.L.C.

Joshua M. David

JMD\plm
#115159

# Exhibit H

# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

October 19, 2007

**By E-Mail & Facsimile**
Robert W. McFarland, Esquire
McGuireWoods, LLP
World Trade Center
101 West Main Street, Suite 9000
Norfolk, VA 23510-1655

Re:   Subpoenas to Inveresk Holdings, LLC, Charles River Laboratories International, Inc. and Inveresk Research Group, LLC

Dear Mr. McFarland:

I write on behalf of L.O.V. Shareholders, LLC, the assignee of LABS of Virginia, Inc. ("L.O.V."), the judgment creditor in miscellaneous action 2:06mc4, currently pending in the United States District Court for the Eastern District of Virginia.  This firm been retained as Delaware counsel to L.O.V. to assist with resolution of the ongoing dispute concerning the subpoenas that were served upon Inveresk Holdings, LLC, Charles River Laboratories International, Inc. and Inveresk Research Group, LLC (the "Subpoenaed Parties") out of the United States District Court for the District of Delaware on June 28, 2007.  We hope that this dispute can be resolved without seeking the assistance of the Court.  To that end, please give me a call at your first convenience so that we can discuss the Subpoenaed Parties' objections.

Very truly yours,

Andrew D. Cordo

185123.1

# Exhibit I

**From:**       ACordo

**To:**         "McFarland, Robert W.";

**CC:**         "jdavid@davidkampfrank.com";

**Subject:**    District of Delaware Subpoenas

**Date:**       Friday, November 02, 2007 10:09:00 AM

**Attachments:**

---

Robert:

I write to summarize our conversation of yesterday evening, during which we discussed your objections to the subpoenas (the "Subpoenas") served by LOV Shareholders, LLC ("LOV") on Charles River Laboratories International, Inc., Inveresk Holdings, LLC and Inveresk Research Group, LLC.

As to your objections regarding service of documents in Delaware and the confidentiality of the documents sought by the Subpoenas, I understand those objections to have been cured, respectively, by our offer to accept service of the documents at my office or their being made available at any reasonable public place in Delaware, and by our offer to agree to a reasonable confidentiality stipulation concerning any documents that are produced in response to the Subpoenas.

As to your objection concerning the identity of the party serving the Subpoenas, I reiterate that LOV, not LABS of Virginia, Inc. ("Labs"), served the Subpoenas. Your assertion in the objections to the Subpoenas, evidently based upon the caption on the Subpoenas, that Labs is the party seeking the production of documents is incorrect. On their face, the Subpoenas indicate that the "issuing officer" thereof is counsel for LOV. We do not view the caption of a subpoena as conclusive as to who served a subpoena, or as giving rise to an excuse for non-compliance therewith. In the interest of resolving this objection, please refer me to the authority on which it is based.

As to your objection to the effect that the Subpoenas are overly broad and seek documents that are not likely to lead to the discovery of admissible evidence, I noted that your blanket objection does not identify the respects in which you specifically contend that the Subpoenas are objectionable. You agreed that you would consult with your client and let me know whether there are any aspects of the Subpoena that are not, in your view, overly broad, so that we could narrow the scope of the present dispute. I look forward to receiving this information

soon in hopes that this objection can be resolved without the assistance of the Court.

*Andrew D. Cordo*
ASHBY & GEDDES
500 Delaware Ave. 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
acordo@ashby-geddes.com

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this e-mail message is strictly prohibited.  If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

# Exhibit J

**McGuireWoods LLP**
World Trade Center
101 West Main Street
Suite 9000
Norfolk, VA 23510-1655
Phone: 757.640.3700
Fax: 757.640.3701
www.mcguirewoods.com

**Robert W. McFarland**
Direct: 757/640.3716

# McGuireWoods

rmcfarland@mcguirewoods.com
Direct Fax: 757/640.3966

November 12, 2007


BY E-MAIL (acordo@ashby-geddes.com) and
ORIGINAL MAILED


Andrew D. Cordo, Esq.
Ashby & Geddes
500 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

> Subpoenae to Inveresk Holdings, LLC, Charles River Laboratories International, Inc. and
> Inveresk Research Group, LLC

Dear Andrew:

I am in receipt of your email of Friday, November 2, 2007 which contains your summary of our telephone conversation of November 1, 2007. I write to clarify our position.

First, to the extent new subpoenae seek production of documents in Delaware, as opposed to the production in Virginia which the original subpoena sought, that deficiency would, indeed, be cured. Also, given the nature of the documents requested by the subpoenae, a confidentiality order is necessary.

As to the identity of the parties serving the subpoenae, I am perhaps being obtuse, but I do not understand your position. The underlying action which serves as the basis for the subpoenae is styled as Labs of Virginia, Inc. v. Clintrials Bioresearch, Ltd., et al. In order for a subpoena to be issued from that action, it must be requested by a party to that action. As the defendants certainly are not issuing the subpoenae, the only other party who could issue them is Labs of Virginia, Inc. However, it is my understanding that Labs of Virginia, Inc. had assigned its rights in the judgment to LOV Shareholders. I do not believe that under the Federal Rules of Civil Procedure, LOV can issue a subpoena in an action in which it is not a party. Please provide me the basis for LOV's assertion that as a non-party to the underlying action, it can nonetheless issue subpoenae.

Finally, as to scope of the subpoenae, it is our position that they are over broad and seek documents and information to which neither Labs nor LOV is entitled.

I do not believe the above deficiencies can be rectified with the existing subpoenae. Those subpoenae, as prepared and served, do not comply with Rule 45 of the Federal Rules of Civil Procedure and we believe our objections are well taken. Please advise me if your clients intend to issue new subpoenae and, if so, I am happy to discuss a more reasonable scope.

November 12, 2007
Page 2


      With best wishes, I am

                Sincerely yours,

                Robert W. McFarland

RWM/j