# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

LABS OF VIRGINIA, INC.,

      **Plaintiff,**                                      Misc. No. 1:07-mc-00197-GMS

                                                    Case Number: 2:06mc4

      **v.**                                                (Eastern District of Virginia)

CLINTRIALS BIORESEARCH, LTD and
BIO-RESEARCH LABORATORIES, LTD.,

      **Defendants**

## OPPOSITION TO MOTION TO COMPEL AND MOTION TO QUASH

NOW COME  Inveresk Holdings, LLC; Charles River Laboratories International, Inc.; and Inveresk Research Group, LLC (collectively, the "Subpoenaed Parties"), by counsel, and pursuant to Rule 45 of the Federal Rules of Civil Procedure, to submit their opposition and move to quash L.O.V. Shareholders, LLC's ("LOV") Motion to Compel the production of documents pursuant to its issued subpoenae duces tecum (collectively, the "Subpoenae") served upon the Subpoenaed Parties.  In support of their opposition, the Subpoenaed Parties state as follows:

1.      On April 11, 2006, Labs of Virginia, Inc. ("Labs") registered a default judgment in the Norfolk Division of the United States District Court for the Eastern District of Virginia (the "Registering Action") for a judgment (the "Judgment") granted to it by United States District Court for the District of South Carolina, Beaufort Division, against 9124-4780 Quebec Inc. f/k/a Bio-Research Laboratories Ltd., (which entity has been dissolved), and Charles River Laboratories Preclinical Services Montreal Inc. f/k/a CTBR Bio-Research and f/k/a ClinTrials BioResearch Ltd. ("CRLPSM"), a Quebec corporation.

2.      Pursuant to Rule 45 of the Federal Rules of Civil Procedure, a subpoena for production or inspection shall issue from the court of the district in which production or

inspection is to be made.  See F.R.Civ.P. 45(a)(2)(C).  The Subpoenae were issued by the United

States District Court for the District of Delaware pursuant to a case filed in the United States

District Court for the Eastern District of Virginia.  The Subpoenae, however, seek production of

documents in Virginia and not Delaware; therefore, the District of Delaware lacks jurisdiction to

compel the Subpoenaed Parties' production in Virginia.  See id.; see also e.g. Falicia v.

Advanced Tenant Services, Inc., 235 F.R.D. 6, 10-11 (D.C. 2006).  Notably, in its Motion, LOV

does not allege that this Court has jurisdiction to enforce production in Virginia.  As this Court is

without jurisdiction to enforce the Subpoenae, it must quash the Subpoenae.

3.    LOV claims that the Judgment was assigned to LOV (M. to Compel ¶ 2), and

therefore LOV issued the Subpoenae and filed the Motion to Compel, which was filed after the

Subpoenaed Parties served their objection on July 26, 2007.  However, LOV is not the named

Plaintiff in the Registering Action, on the Subpoenae, or in this action and its interest does not

appear on record.  Indeed, LOV cites to FRCP 69(a)(2), but no where does that rule give it

authority to issue a Subpoena as a non-party and without its interest appearing on record.  The

fact that it was assigned the Judgment, which does not appear on record, does not make it a party

to the various actions in which it attempts to enforce the Subpoenae.  Indeed, the Subpoenae are

unenforceable as they are issued by an entity that is not a party to the pending actions and does

not appear on record.

4.    The Subpoenaed Parties further object to the Subpoenae as the requested

document productions are overly broad and unduly burdensome and unlikely to lead to the

discovery of admissible evidence.  Indeed, LOV is seeking 7 years of financial information to

collect on a judgment.  Clearly, LOV does not need 7 years of financial information to determine

the current assets of CRLPSM.  In fact, CRLPSM has only been a wholly owned subsidiary of

Charles River Laboratories International, Inc. since 2004. Additionally, the Subpoenae are overly broad and burdensome in seeking the identities of all of CRLPSM's clients and customers. Further, the Subpoenaed Parties object as the sought documents include confidential and proprietary information, including client and customer lists, and sensitive financial information, including information about bank accounts.

5.    Finally, LOV's counsel asserts that the Subpoenaed Parties' counsel is not acting in good faith pursuant to Local Rule 7.1.1. The Subpoenaed Parties' Virginia counsel has acted in good faith, however, to try and resolve the dispute and has had numerous communications, oral and written, with LOV's counsel regarding a resolution. Moreover, it must be emphasized that LOV's counsel's idea of acting in good faith is for the Subpoenaed Parties to ignore the procedural requirements necessary for a valid subpoena for which this Court would have jurisdiction and to ignore LOV's failure to comply with them. Indeed, LOV wants the Subpoenaed Parties to simply acquiesce to the Subpoenae that LOV has had more than ample opportunity to properly issue since the Subpoenaed Parties initial objection in July. Instead of remedying the procedural issues with the Subpoenae, it is LOV that has chosen to bring this dispute to this Court.

WHEREFORE, Inveresk Holding, LLC; Charles River Laboratories International, Inc.; and Inveresk Research Group, LLC, by counsel, oppose L.O.V. Shareholders, LLC's Motion to Compel and move this Court to quash the Subpoenae issued to them for the aforesaid reasons, and award them their costs and attorneys fees incurred in defending this action.

Respectfully submitted,

INVERESK HOLDINGS, LLC
CHARLES RIVER LABORATORIES INTERNATIONAL, INC.
and INVERESK RESEARCH GROUP, LLC.

By Counsel:

/s/ Barbara H. Stratton
Barbara H. Stratton, Esq. (DSB No. 2785)
Knepper & Stratton
1228 North King Street
Wilmington, DE 19801
Telephone: 302-658-1717
Facsimile: 302-658-0631

Robert W. McFarland, Esq. (VSB No. 24021)
Keith P. Zanni, Esq. (VSB No. 46021)
McGuireWoods, LLP
9000 World Trade Center
Norfolk, Va. 23510
Telephone: 757-640-3716
Facsimile: 757-640-3999

<u>**CERTIFICATE OF SERVICE**</u>

      I, Barbara H. Stratton, Esq. hereby certify that a true copy of the foregoing Objection to Subpoenae <u>Duces</u> <u>Tecum</u> was served via electronic filing and regular mail this 4th day of December, 2007, upon the following:

Philip Trainer, Jr., Esq.
Andrew D. Cordo, Esq.
500 Delaware Ave, 8th Floor
P.O. Box 1150
Wilmington, DE 19899

Joshua M. David, Esq.
David, Kamp & Frank, LLC
739 Thimble Shoals Boulevard, Suite 105
Newport News, VA 23606

                        /s/ Barbara H. Stratton
                        Barbara H. Stratton, Esq. (DSB No. 2785)
                        Knepper & Stratton
                        1228 North King Street
                        Wilmington, DE 19801
                        Telephone: 302-658-1717
                        Facsimile: 302-658-0631

\4889090.2