IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LABS OF VIRGINIA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Misc. No. 07-197-GMS |
| v. ) | |
| ) | Case No. 2:06mc4 |
| CLINTRIALS BIORESEARCH, LTD., and ) | (Eastern District of Virginia) |
| BIO-RESEARCH LABORATORIES, LTD., ) | |
| ) | |
| Defendants. ) | |

**STIPULATED PROTECTIVE ORDER**

WHEREAS, L.O.V. Shareholders, LLC. ("LOV") is the assignee of judgment creditor LABS of Virginia, Inc. as to a certain judgment dated April 4, 2000 and entered against ClinTrials BioResearch, Ltd. and Bio-Research Laboratories, Ltd. by the United States District Court for the District of South Carolina, Beaufort Division, and subsequently registered by LOV in the United States District Court for the Eastern District of Virginia (the "Judgment"); and

WHEREAS, LOV has served subpoenas (the "Subpoenas") upon Inveresk Research Group, LLC, Inveresk Holdings, LLC, and Charles River Laboratories International, Inc. (the "Subpoenaed Parties) for the production of documents in the aid of execution; and

WHEREAS, the Subpoenaed Parties have raised a concern that the Subpoenas seek the disclosure of information considered confidential by the Subpoenaed Parties; and

WHEREAS, the parties hereto, through counsel, stipulate that good cause exists for the entry of this Protective Order pursuant to Rule 26(c) to protect against improper disclosure or use of confidential information produced pursuant to the Subpoenas;

NOW THEREFORE, it is hereby ORDERED that the following Protective Order be entered:

2. **Applicability.** This Order shall apply to all information, documents, premises, and things which are produced or made available pursuant to the Subpoenas or any other discovery requests served by LOV upon the Subpoenaed Parties that the Subpoenaed Parties designate as "CONFIDENTIAL" pursuant to this Protective Order, and which are owned or in the custody or control of the Subpoenaed Parties, or of any parents, subsidiaries, divisions, branches, and affiliates (the "Producing Party").

3. **Other Proceedings.** By entering this order, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL" pursuant to this Protective Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4. **Confidential Information.** For purposes of this Order, the term "Confidential Information" means all information, documents, premises, and things in whatever form produced, disclosed, or contained either voluntarily or pursuant to Court order: (a) that the Producing Party reasonably and in good faith believes constitutes or discloses confidential or proprietary information that Producing Party has a legitimate need to protect from disclosure; and (b) are designated as such in accordance with the procedures set forth below in this Order.

5. **Exclusions from Confidential Information.** This Protective Order shall not be construed to prevent LOV from making use of or disclosing, and Confidential Information shall not be construed to consist of or include, any information that: (a) at any time has been in the public domain by publication or otherwise; (b) becomes, at any time, through no act or failure to act on the part of LOV, part of the public domain by publication or otherwise, or is

otherwise available publicly or is a matter of public record on file with any governmental or regulatory agency or board; (c) is already in the lawful possession of a party at the time of disclosure and was not acquired directly or indirectly from the Producing Party; (d) is made available to LOV by a nonparty who obtained the same by legal means and without any obligation of confidence to the party claiming its confidential nature; (e) contains any information that LOV can show was independently and lawfully developed by it. Producing Party shall not be precluded by this Order from disclosing or using its own Confidential Information in any manner or for any purpose.

    **6.** **Designation of Confidential Information.** Producing Party shall designate documents as Confidential Information by including the label "CONFIDENTIAL" on the first or cover page of each document and each page which contains Confidential Information. If any material being produced cannot be so labeled, the Producing Party shall designate it as Confidential Information in written communication delivered to LOV along with the material.

    **7.** **Access to Confidential Information**. Confidential Information shall be disclosed only to:

    **(i)** any counsel representing LOV and their, consultants, agents and employees whose functions require access to such Confidential Information;

    **(ii)** persons or entities to whom disclosure is legitimately required in order to execute upon or in furtherance of execution upon the Judgment;

    **(iii)** qualified court reporters taking testimony involving such information and necessary stenographic and clerical personnel thereof;

    **(iv)** any party and any officer, employee, shareholder, member, manager, agent, or representative of any party (or any former officers, employees, agents or

representatives of any party) who is directly involved in and whose consultation with counsel is necessary in aid of the execution upon the above-captioned judgment;

    **(v)** the Court and all persons assisting the Court in this action and any other court involved in any aspect of execution upon the Judgment and all persons assisting such court or courts; and

    **(vi)** authors, addressees and recipients of the Confidential Information.

  **8.** **<u>Designation Not Determinative</u>.** Producing Party's designation that any material Confidential Information will not determinatively establish that such material qualifies as Confidential Information. If LOV disagrees with a designation of material as Confidential Information, LOV may request appropriate relief from the Court.

  **9.** **<u>No Waiver</u>.** This Order shall not waive Producing Party's objections to production of any information other than on the basis that it is proprietary or confidential.

  **10.** **<u>Disposition of Information After Final Termination</u>.** Within sixty (60) days of full and final satisfaction of the Judgment, all copies of produced documents containing Confidential Information shall be destroyed, with the exception of one archival copy of deposition exhibits, court exhibits and documents included in submissions to any court, which may be retained by counsel, and one archival set of produced documents which shall be retained for a period of five (5) years from the date of termination by counsel for the Producing Party for record purposes in the event of a dispute over compliance with this Order, and which shall be made available on reasonable notice for inspection by counsel for LOV.

  **11.** **<u>Notices and Delivery of Documents</u>.** All service of notices and documents pursuant to this Order shall be made by email or overnight mail service, such as Federal Express.

12. **<u>Inadvertent Disclosure</u>.** With respect to any material inadvertently produced by Producing Party or as to which Producing Party inadvertently failed to assert a claim of confidentiality, assertion of such claim shall be made as soon as practicable after learning of the inadvertent disclosure. Such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of confidentiality.

| KNEPPER & STRATTON | ASHBY & GEDDES |
|---|---|
| /s/Barbara H. Stratton | */s/Andrew D. Cordo* |
| Barbara H. Stratton (#2785)<br>1228 N. King St.<br>Wilmington, DE 19801<br>(302) 658-1717<br>bhs@knepperstratton.net | Philip Trainer, Jr. (#2788)<br>Andrew D. Cordo (#4534)<br>500 Delaware Ave., 8th Floor<br>P.O. Box 1150<br>Wilmington, DE 19899<br>(302) 654-1888<br>acordo@ashby-geddes.com |
| *Attorneys for Inveresk Holdings, LLC, Charles River Laboratories International, Inc. and Inveresk Research Group, LLC* | *Attorneys for L.O.V. Shareholders, LLC* |
| *OF COUNSEL*:<br>McGUIRE WOODS, LLP<br>Robert W. McFarland<br>Keith P. Zanni<br>9000 World Trade Center<br>Norfolk, VA 23510<br>(757) 640-3716 | *OF COUNSEL*:<br>Joshua M. David<br>DAVID KAMP & FRANK, L.L.C.<br>739 Thimble Shoals Boulevard, Suite 105<br>Newport News, VA 23606<br>(757) 595-4500 |

Dated: December 10, 2007
185804.1

    IT IS SO ORDERED.

_____
Chief Judge